**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3862
_____

RAYMOND FAWOLE,
Appellant

v.

NEWARK BETH ISRAEL HOSPITAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-01009)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2017

Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: January 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Raymond Fawole appeals the District Court's order granting

summary judgment to defendant the Newark Beth Israel Medical Center ("the Center").

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

For the reasons set forth below, we will affirm the District Court's judgment.

Fawole previously worked as a night supervisor in the Center's Psychiatric Emergency Screening Service Unit ("the Unit"). He was responsible for managing the flow of patients from the Unit to other units and for helping to develop treatment plans for patients. In March 2012, Fawole was disciplined for violating the Center's code of conduct; the charge concerned a loud and disruptive argument with a coworker. This constituted Fawole's final warning. In December 2012, the evening shift supervisor complained to the Unit's director that Fawole had screamed at him, using offensive language. Due to this complaint, members of the Center's human relations department began an investigation into Fawole's conduct. Two employees informed the investigators that Fawole regularly slept during shifts. The investigators therefore reviewed footage from security cameras, which showed Fawole sleeping on January 10 and 11, 2013. The videos also showed two other employees, who were under Fawole's supervision, sleeping. The Center gave the three employees the choice to resign or be terminated; Fawole and one other employee chose to resign, and the third employee was fired.

After resigning, Fawole filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC), alleging that he had been fired based on age discrimination and that he had been retaliated against. The EEOC closed the case without a finding of liability and issued a right-to-sue letter. Fawole then filed a complaint in the District Court asserting claims of retaliation and age discrimination in violation of the Age Discrimination in Employment Act (ADEA). After conducting

2

discovery, the Center filed a motion for summary judgment, which the District Court granted. Fawole then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review, and apply the same standard as the District Court to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

In his brief, Fawole presents a single argument: that the District Court "did not consider the fact that the EEOC found [the Center] liable based on the charges of discrimination." Br. at 1. However, contrary to Fawole's argument, the EEOC was "unable to conclude information obtained establishes violations of the statutes," and thus closed the case without finding the Center liable. S.A. 58. Thus, Fawole has provided no basis to vacate the District Court's judgment.

While Fawole has waived any other possible challenge to the District Court's judgment by failing to raise such a challenge in his brief, see United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005), we note that, on our independent review, we agree with the District Court's well-reasoned analysis. In cases like this one, where the plaintiff does not possess direct evidence of age discrimination, we apply the three-part burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015). Under this test, Fawole bears the initial burden of establishing a prima facie case of discrimination. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). If he can make that

3

showing, the burden shifts to the Center to "articulate some legitimate, nondiscriminatory reason" for its conduct.  Id. (quoting McDonnell Douglas, 411 U.S. at 802).  If the Center makes this showing, the burden returns to Fawole to show that the Center's proffered reasons for its decision were pretextual.  See id.

As the District Court explained, even assuming that Fawole could make a prima facie showing of discrimination, the Center discharged its second-step burden by presenting a wealth of evidence establishing that it asked Fawole to resign because he had been sleeping on the job, taking unauthorized breaks, and failing to prevent his employees from doing the same.  This conduct was prohibited by the employee handbook.  Thus, the Center has identified a nondiscriminatory reason.  See, e.g., Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); McNary v. Schreiber Foods, Inc., 535 F.3d 765, 769 (8th Cir. 2008).

The burden thus shifted back to Fawole to present evidence of pretext, which he could do by providing evidence that would allow a factfinder to either (a) "disbelieve the employer's reason for the adverse employment action"; or (b) "believe that an invidious discriminatory reason was 'more likely than not a motivating or determinative cause' of the employer's action."  Willis, 808 F.3d at 644-45 (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).  Fawole has not produced not a shred of evidence to make either showing.  He argued, in full, that he had been unfairly targeted, that the use of the surveillance cameras was somehow unfair, and that he was not actually sleeping.  However, his personal view that his employer was out to get him does not suffice to show

4

pretext.  See Sarullo, 352 F.3d at 800.  His vague allegations that the Center somehow used the surveillance cameras improperly finds no support in the record.  See generally Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).  Finally, regardless of whether Fawole was sleeping during the relevant time, the pertinent question was whether the Center's decisionmakers believed that he was asleep or otherwise derelict in his duties, see Willis, 808 F.3d at 648, and he has provided no basis to disbelieve the decisionmakers' explanations.  Accordingly, we discern no error in the District Court's disposition of his discrimination claim.

Fawole also alleged that the Center retaliated against him.  To make a prima facie case of retaliation, Fawole was required to show that (1) he engaged in "protected employee activity," (2) that he was "subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity," and (3) that there was a causal connection between the protected activity and the adverse action.  Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005).  The only protected activity that Fawole has identified was his filing an EEOC complaint.  That complaint, however, postdated (and in fact concerned) his forced resignation, and thus cannot sustain his retaliation claim.

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] Because Fawole's claims lack merit, the District Court did not err in denying his motion for appointment of counsel.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).